IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLESHA JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-377-BN |
| | § | |
| RETAIL SERVICES & SYSTEMS, | § | |
| INC. and FINE WINE & SPIRITS | § | |
| OF NORTH TEXAS, LLC D/B/A | § | |
| TOTAL WINE AND MORE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER AND NOTICE OF DEFICIENCY
ON SUBJECT-MATTER JURISDICTION**

## I.   Total Wine must file an amended notice of removal.

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). And, "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' [28 U.S.C.] § 1441(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). But "removal under [28 U.S.C.] § 1441(b)(2) is permissible only if complete diversity exists among

-1-

all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as complete diversity." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (cleaned up). And "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (cleaned up).

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

Diversity jurisdiction under 28 U.S.C. § 1332 is the only basis for federal subject matter jurisdiction that Defendant Fine Wine & Spirits of North Texas, LLC d/b/a Total Wine and More, Inc. ("Total Wine") invokes. *See* Dkt. No. 1 at 2.

In the Notice of Removal, Total Wine states

a. David J. Trone is a voting member of FW&S and a resident of the State of Maryland.
b. Robert J. Trone is a voting member of FW&S and a resident of the State of Maryland.
d. NRT 2013 LLC Receiving Trust ("NRT Trust") is a Maryland trust and non-voting member of FW&S. The trustees are George Mavrikes and Robert Shaffer. Mr. Mavrikes and Mr. Shaffer both reside in Maryland.

e. MCT 2013 LLC Receiving Trust ("MCT Trust") is a Maryland trust and non-voting member of FW&S. The trustees are George Mavrikes and Robert Shaffer. Mr. Mavrikes and Mr. Shaffer both reside in Maryland.

f. RJT 2013 LLC Receiving Trust ("RJT Trust") is a Maryland trust and non-voting member of FW&S. The trustees are George Mavrikes and Robert Shaffer. Mr. Mavrikes and Mr. Shaffer both reside in Maryland.

g. JET 2013 LLC Receiving Trust ("JET Trust") is a Maryland trust and non-voting member of FW&S. The trustees are George Mavrikes and Robert Shaffer. Mr. Mavrikes and Mr. Shaffer both reside in Maryland.

h. SPT Investment, LLC is a Delaware limited liability company and a non-voting member of FW&S. It has two members: (i) SPT 2020 LLC DELAWARE TRUST and (ii) SPT 2020 FLAZ DELAWARE TRUST (collectively, the "SPT Trusts"). The Trustees of the SPT Trusts are (i) First Republic Trust Company of Delaware, LLC, and (ii) Brandon Wilkerson who is a resident of the Commonwealth of Virginia. Based on information and belief, First Republic Trust Company of Delaware, LLC, is a wholly owned subsidiary of JPMorgan Chase, N.A. Based on further information and belief, JPMorgan Chase N.A. is a nationally chartered bank with its main office in Columbus, Ohio.

*Id.* at 3-4.

As to the individuals listed, "[t]he difference between citizenship and residency is a frequent source of confusion"; "[f]or natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home"; and "[a]n allegation of residency alone does not satisfy the requirement of an allegation of citizenship" because "residency is not citizenship for purposes of § 1332." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407, 408 (5th Cir. 2023) (cleaned up).

As to First Republic Trust Company of Delaware, LLC, a limited liability company's citizenship "is determined by the citizenship of all of its members." *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "To establish

diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). And "the appropriate tests for citizenship involve tracing entities' citizenship down the various organizational layers where necessary." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed. Appx. 765, 768 (5th Cir. 2015).

Alleging the state law under which a LLC is formed is required information because a state law governing the LLC's formation and organization may permit non-owner members whose citizenship must also be considered. *See SXSW*, 83 F.4th at 407-08. And, so, alleging that a LLC is a "wholly owned subsidiary" of a bank is insufficient because it does not address membership and, under some state law, ownership may not equate to membership. *See id.* at 408.

Total Wine may, under 28 U.S.C. § 1653, amend its original Notice of Removal, where a defect in the original Notice of Removal is in the nature of a failure to state the basis for subject-matter jurisdiction and where the existence of diversity jurisdiction at the time of removal was not questioned by the parties and there is no suggestion in the record that it did not in fact exist. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991). Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Section 1653 provides a method for curing Total Wine's defective allegation of jurisdiction "where the defect is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship." *Stafford*, 945 F.2d at

806.

The circumstances here do not implicate "[t]he danger against which a court must guard, [which] is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction" by making amendments to add claims, causes of actions, or parties to "create jurisdiction where it did not previously exist." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). Put another way, the Court can, under Section 1653, permit a party to "remedy inadequate jurisdictional allegations" but not "defective jurisdictional facts." *Id.* (cleaned up).

Because Total Wine, as the removing defendant invoking the jurisdiction of this Court, has not adequately alleged the citizenships of the individuals listed in the Notice of Removal or of First Republic Trust Company of Delaware, LLC, Total Wine must properly plead the citizenships of the individuals and First Republic Trust Company of Delaware, LLC in an amended notice of removal that must be filed by **May 9, 2024**. *Accord In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4 (5th Cir. 1993).

Failure to adequately allege diversity jurisdiction will result in an order of remand to state court under 28 U.S.C. § 1447(c) without further notice.

## II.   __The improper joinder doctrine does not apply here.__

In its Notice of Removal and Improper Joinder, Total Wine represents that Defendant Retail Services & Systems, Inc. ("RSSI") "consents to removal of this case to federal court" and "is a Maryland corporation with a principal place of business in Maryland" and that "Plaintiff Willesha Jackson, at the time she commenced this action, was and remains a resident and citizen of Dallas County, Texas." Dkt. No. 1 at

2, 4. The parties explain in their Joint 26(f) Report and Discovery Plan that, "[t]herefore, there is complete diversity of citizenship between Plaintiff Jackson and Defendant RSSI." Dkt. No. 7 at 5.

But Total Wine asserts that, "[a]lthough RSSI is a diverse defendant, the Court should not consider the citizenship of RSSI because it is an improperly joined party; Plaintiff has no basis of recovery against RSSI." Dkt. No. 1 at 4; *see also* Dkt. No. 7 at 5 ("Although RSSI is a diverse defendant, the Court should not consider the citizenship of RSSI because it is an improperly joined party; Plaintiff has no basis of recovery against RSSI.").

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under the improper joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant." *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. "The

burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction," *Id.* at 575.

"In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts." *Id.* When "a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

"If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Smallwood*, 385 F.3d at 575.

"Because the improper joinder doctrine is a narrow exception to complete diversity, it is not applicable to a diverse defendant." *C&R Transp. Servs., LLC v. Ritchie Bros. Auctioneers (Am.) Inc.*, No. 4:23-cv-536-O-BP, 2023 WL 8937163, at *4 (N.D. Tex. Dec. 6, 2023), *rep. & rec. adopted*, 2023 WL 8936706 (N.D. Tex. Dec. 27, 2023).

If Total Wine or RSSI seek to have the Court dismiss RSSI, they must pursue other avenues.

SO ORDERED.

DATED: April 25, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE